Adjourned case from the circuit superiour court of law and chancery for Smyth county.
At October term 1838, the defendant, David Wilson, was indicted for unlawful gaming at cards, on the 15th of September preceding, “ at the racefield at the seven mile ford in the said county of Smyth, the said racefield being then and there a public place,” contrary to the act of assembly &c. At May term 1839, he was tried, and the jury found him guilty of the offence charged: whereupon he moved the court to set aside the verdict and grant him a new trial; but the court, having difficulty as to its judgment to be rendered on the said motion, adjourned to the general court, with the consent of the defendant, the following statement and questions:
*It was proved on the trial, that the ground described in the indictment as a racefield was a slip of land, lying between the middle fork ofHolston river on the south, and the line of fence of a cultivated field on the north, the breadth from the river to the fence being 40 or 50 yards, and the length about half a mile. This space was entirely clear, except that a few trees were left near the water’s edge for the preservation of the bank ; and it was open at each end, and communicated with a public road running on the north side of the cultivated field. That field formerly extended to the river bank; but many years ago, the southern fence was removed back from the river, so to leave the space in question open for a public highway ; while the road on the north side of the field was also left open, and used. The road along the river was used for years, but was finally discontinued ; and it being a suitable place for quarter racing, quarter paths were made thereon by tacit permission of the owner, and used occasionally for such racing, though not frequently. No company, club, or other person had the right to race there without the owner’s permission. The defendant played cards in the open space between the race paths and the river, at a time when two or more horses were exercised in training on the track, and several persons had assembled to see the training. Bets were made on the running of the horses upon that occasion, though the race, for which the said training was preparatory, took place some days afterwards. These were all the material facts proved ; and the court, defining a field to be cleared land, for cultivation or other purposes, whether enclosed or not, left it to the jury to determine whether the ground above described was, on the day of the playing, a racefield or not. The jury found that it was a racefield. — T.he questions submitted were, 1. Is the ground above described a racefield, within the meaning of the act of assembly prohibiting unlawful gaming? *orisit afield in any sense of the word ? 2. What disposition ought the court to make of the motion for a new trial ? 3. Ought the court to render judgment on the verdict aforesaid ?
The general court decided, 1. That the place mentioned in the indictment, at which the gaming took place, was, at the time, a racefield within the meaning of the act of assembly to prevent unlawful gaming.
*229 2. That the circuit court ought to give judgment against the defendant, for the fine imposed by law, and the costs of the prosecution.